UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THEODORE R. HARRELL,

          Petitioner,

-vs-                                                 Case No. 8:07-cv-1391-T-24MAP

SECRETARY, DEPARTMENT OF CORRECTIONS,

          Respondent.
_____/

## **ORDER**

Theodore R. Harrell petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1)

### BACKGROUND

On October 22, 1980, Harrell was charged by Indictment with sexual battery on a person eleven years of age or younger. (Doc. No. 2). On April 24, 1981, Harrell was convicted and sentenced to ninety-nine years incarceration. (Doc. No. 2). Harrell appealed, and the state district court of appeal per curiam affirmed Harrell's conviction and sentence. *Harrell v. State*, 417 So. 2d 342 (Fla. 2d DCA 1982).

Harrell states that he filed a Rule 3.850 motion for post-conviction relief that was denied on July 26, 1984. He states that he did not appeal the denial of Rule 3.850 relief. (Doc. No. 1 at p. 3) Harrell states that he filed a Rule 3.800(a) motion to correct illegal sentence on March 31, 1995, and that the motion was denied by the state trial court on April 6, 1995. He states that he appealed the denial of relief on April 27, 1995. (*See* Doc.

No. 2, Exhibit D). The denial of relief was affirmed on August 18, 1995. *Harrell v. State*, 661 So. 2d 6 (Fla. 2d DCA 1995) (Table).

On January 2, 1997, Harrell filed a second Rule 3.850 motion for post-conviction relief. Harrell states that the motion was denied. The record shows that the denial of relief was per curiam affirmed on May 2, 1997. *Harrell v. State*, 696 So. 2d 349 (Fla. 2d DCA 1997). (*See* Doc. No. 2, Exhibit E).

Harrell alleges that in the years following this [1997 denial of relief] until April 2002, his time and effort "was totally exhausted in a lengthy child custody suit." Harrell filed his second motion to correct an illegal sentence in the state trial court on April 25, 2002. (Doc. No. 2 at p. 3)

## Petition Is Time-Barred

The Anti-Terrorism and Effective Death Penalty Act created a new limitations period for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of ... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review...." 28 U.S.C. §2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Given Harrell's allegations, it is clear that his conviction became final prior to the effective date of the AEDPA. Thus, the one-year statute of limitations promulgated by the AEDPA commenced on the statute's effective date, April 24, 1996. However, because Harrell had a pending tolling motion that was not decided until May 2, 1997, he had one year from that date [or until May 3, 1998] within which to file a timely federal habeas petition in this Court. *See Guenther v. Holt*, 173 F.3d 1328, 1331 (11th Cir. 1999); *Wilcox v. Dep't of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998). The Court applies the statute to habeas corpus petitions filed after April 24, 1997. *See Wilcox, supra.*

Harrell's second motion to correct an illegal sentence, filed April 25, 2002, did not toll the running of the limitations period because the one-year period had already expired in 1998. Therefore, the present federal petition, signed and filed in 2007, is time-barred.

Harrell has not shown that any extraordinary circumstances require the tolling of the one-year period.

Accordingly, the Court orders:

That Harrell's petition for writ of habeas corpus is denied as time-barred. The Clerk is directed to enter judgment against Harrell and to close this case.

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at §

2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on August 14, 2007.

SUSAN C. BUCKLEW
United States District Judge

Theodore R. Harrell